*Mary Jean Donnelly, Plaintiff*

*v.*

*Salvatore Vitellaro, Defendant*

*Case-23-18615*

*Adv. Pro No.*
*24-1047*

*Judge –*
*Rosemary Gambardella*
*4/29/2025*

CERTIFICATION OF MARY JEAN DONNELLY, PLAINTIFF, IN SUPPORT OF OBJECTION TO MOTION TO WITHDRAW AS COUNSEL

Mary Jean Donnelly, of full age, hereby certifies as follows:

1. I have read Scott J. Goldstein's (hereafter "Scott") motion to withdraw as counsel for defendant, Salvatore Vitellaro, which I did receive toward the end of March. At that time, I was up to my eyeballs in preparing for my daughter's wedding on April 5th.

2. Scott states that this matter is "at the very starting point of litigation" (see his paragraph 21). That statement is not true. This matter has been before the court for almost a full year, and is very close to a trial date being set. There has been a court hearing every month in 2025, and I have not requested any adjournments.

3. On March 4th, the court gave the parties until April 15th to resolve the matter. Scott refused to negotiate. I appeared at the Zoom conference on April 15th. Scott did not appear. At that time, Judge Gambardella granted me until April 30th to file opposition to Scott's motion to withdraw.

4. The sole reason Scott gives for attempting to withdraw is the non-payment of his initial retainer of $3,000 (see his paragraph 10), and non-payment of an additional retainer of $2,000 (see his paragraph 13).

5. Scott attaches as Exhibit A to his Certification his retainer agreement with the defendant, which specifically states (at paragraph 6) in BOLD letters: "WORK UNDER THIS AGREEMENT WILL NOT BEGIN UNTIL THIS AGREEMENT IS SIGNED AND RETURNED, AND THE INITIAL RETAINER IS RECEIVED. IF BOTH ARE NOT

2025 APR 29 P 3: 04
JEANNE A. NAUGHTON
U'S BANKRUPTCY COURT
FILED
NEWARK N.J.

RETURNED WITHIN SEVEN (7) CALENDAR DAYS OF THE DAY IN WHICH YOU RECEIVED THIS AGREEMENT, THE AGREEMENT WILL BE CONSIDERED NULL AND VOID AND THE FIRM WILL NOT BE REPRESENTING YOU IN THIS MATTER UNLESS OTHER ARRANGEMENTS HAVE BEEN MADE."

6. If Scott's certification is true that defendant did not pay the initial retainer, then, by its terms, the agreement is null and void, and his firm will not represent defendant. But Scott's firm will honor the agreement if "other arrangements have been made". Since Scott has been representing defendant from the beginning, "other arrangements" appear to have been made. If they were not made, then Scott violated his own agreement, and cannot now complain.

7. Scott's certification further indicates that defendant is" unwilling" to pay his obligation (see paragraph 13) and "not willing" to fund the litigation (see paragraph 18). The impression that Scott's Certification gives is that defendant is unable to pay because he is unwilling to pay.

8. Scott started representing defendant from the beginning of this case, over a year ago, at his own risk, and should not now be allowed to delay this matter any further, to my detriment.

I certify that the foregoing statements made by me are true. If any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:                                    *Mary Jean Donnelly*

Mary Jean Donnelly

I certify that I have mailed a copy of this certification to Scott J. Goldstein by regular mail on April 29, 2025, addressed to his office, 410 State Route 10 West, Suite 214, Ledgewood, NJ 07852.

Dated: 4/29/25                        *Mary Jean Donnelly*

Mary Jean Donnelly